THE STATE, THE MAYOR, &c., OF THE CITY OF NEWARK, PROSECUTORS, PLAINTIFFS IN ERROR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX, DEFENDANTS IN ERROR.

Under the seventh section of the supplement of February 17th, 1870, to the Essex public road board act, the principal sum specified in that section, and also the interest from year to year accruing thereon, must be apportioned as therein directed, until the whole debt is paid.

In error to the Supreme Court.

Argued at June Term, 1878.

For the plaintiff, *Henry Young.*

For the defendant, *J. W. Taylor.*

The opinion of the court was delivered by

VAN SYCKEL, J. By an act of the legislature passed in 1869, (*Pamph. L., p.* 957,) the Essex public road board was created a public corporation, with power to lay out, open, construct, and maintain certain public avenues in the county of Essex.

In order to execute the proposed scheme, the board of chosen freeholders of the county were authorized by the sixteenth section of the act, as a temporary expedient for raising

money, to issue county bonds, from the proceeds of which the requisite funds were to be advanced by the county collector to the road board.   Ultimately the costs and expenses of the work were to fall upon the property benefited, and through assessments upon them the county was to be reimbursed for the money advanced.

By supplements passed in 1870 and 1871, the county was authorized to issue bonds, payable in ten years, with interest. Under this legislation bonds were issued, and the necessary advances made to the road board.   *Pamph. L.*, 1870, *p.* 181 ; *Pamph. L.*, 1871, *p.* 175.

By this supplemental legislation the cost of the right of way alone was to be imposed upon the lands peculiarly benefited, and the other expenses incurred in executing the act were to be borne, one-half by the county of Essex, and the other half by the several cities, towns, and townships in or through which the several avenues pass, except the cost of maintaining and keeping them in repair, which was left as in the original act, to be borne by the county alone.   *Ropes* v. *Essex Public Road Board, ante p.* 64.

Section seven of the act of 1870 gives rise to the contention in this case.   It provides " that the money necessary to pay the costs and expenses of executing this act, and of the laying out, opening, and constructing the said avenues, and also the amounts of rebates allowed upon assessments for benefits, as hereinafter provided, together with the interest on said several moneys, shall be paid in ten annual installments; one-half thereof by the county of Essex, to be raised by county tax, in the same manner as other county taxes are raised ; and the other half by the several cities, towns, and townships in or through which the several avenues pass, to be levied and collected by the same officers, in the same manner, and at the same time that the other city, town, and township taxes are levied and collected ; but the officers so collecting said moneys shall pay the same to the county collector, under the same provisions and regulations as county moneys are now paid by them to the county collector, provided that no one of the said

cities, towns, or townships shall be liable to a greater extent than to the amount of one-half of the said costs, expenses, and amounts, with the interest accruing on it, except as to the liability for its quota of the tax to be raised by the county of Essex, as aforesaid."

In the apportionment of taxes for the year 1877, one-tenth of the principal sum specified in this section was distributed, according to its terms, between the county and cities, towns, and townships, but the board of assessors included in the general county tax the entire interest on the said bonds, and apportioned the quota of the taxes to be laid to raise such interest among the several townships and wards in said county, in proportion to the respective valuations of taxable property in the several townships and wards, in conformity with the thirteenth section of the general tax act. *Rev., p.* 1155, § 72.

The city of Newark insists that this mode of apportionment is erroneous; that by the terms of the seventh section of the road board act above recited, the interest as well as the principal required to pay the bonds representing the expenses contemplated by that section, is to be raised by taxation on an apportionment in the ratio of one-half upon the county, and the other half on the cities, towns and townships in or through which the several avenues pass.

This is the only question presented for adjudication in this case.

The seventh section of the act of 1870, providing a special mode of apportionment, excludes the operation of the general law. General legislation on a particular subject must give way to special laws. *State* v. *Clarke*, 1 *Dutcher* 54 ; *Cross* v. *Morristown*, 3 *C. E. Green* 305; *State, Taintor, pros.,* v. *Morristown*, 4 *Vroom* 58.

It will not be denied that as between the county and the holders of the bonds, the promise to pay is absolute and unconditional, and that the creditor must be protected whether or not the special provisions of the road board act can be made available to reimburse the county.　But the question here is

not with the bondholders, but between the county and its sub-divisions as to the proper mode of distributing this burden in the annual levies, and they are entitled to have the special legislation enforced, according to its true interpretation, in making the annual apportionments as they occur.

As between the county and its subdivisions, the former is principal debtor as to one-half the debt incurred, under the seventh section of the act of 1870, and the latter are primarily liable as to the other half. The legislature has given to the latter the advantage of the credit of the county for ten years, in carrying a debt which is assumed to be for their peculiar benefit, and therefore the language employed by the legislature should be clear to justify the conclusion that the burden of the interest shall be imposed on the county for the favor which the cities, towns and townships receive from it.

The legislature has declared that the money necessary to pay the costs and expenses of executing the act, and of laying out and constructing the avenues, and the amount of rebates, together with the interest on said several moneys, shall be equally divided between the county and the lesser political districts within it. But it is contended that the interest therein referred to can include only such interest as may happen to have accrued and been paid on any of the "said several moneys" at the time when the aggregate of the four classes of items was made up for the purpose of beginning the assessment; that is, when the first of the annual installments was to be assessed, and that it will carry no interest subsequent to that time.

The answers to this position are—

*First.* That interest on money borrowed under legislative authority for present use, is as much part of the costs and expenses of the improvements mentioned in the seventh section as money paid to contractors for work done. *State, Baker, pros.,* v. *City of Elizabeth,* 8 *Vroom* 142.

Therefore, if interest to the beginning of the assessment is all that is allowed, under the operation of the seventh section, the section would have precisely the same effect if the words

" with interest " had been omitted, for interest to that time would have been as much a part of the cost of the work as money paid to contractors, and could have been assessed as part of the costs and expenses of the improvement.

*Second.* It is not reasonable to suppose that the legislature would provide that comparatively so small an amount of interest should be charged against the township, and the large amount accruing through the ten years for which the bonds were to run be put upon the county alone.

*Third.* Such a construction seems to be unnatural and unreasonable, and gives no proper effect to the words of the proviso in the seventh section : " That none of the said cities, towns, or townships shall be liable to a greater extent than to the amount of one-half of the said costs, expenses, and amounts, with the interest accruing on it; " that is, interest which continues to run during the period of credit—not that which had accrued when the work was completed.

The argument drawn from the implication that the ten annual payments provided for in this section, are to be equal annual payments, is not of sufficient force to overcome what seems to me to be the clear meaning of the statute.

. The equality implied is an equality of the principal sum of the payments, and not an equality of payments of interest.

One hundred dollars payable at present, is equal to one hundred and six dollars payable one year hence ; and, in that sense, there will be an equality of payments in this case. The first assessment would have been one-tenth of the principal, and interest upon the whole debt ; the second assessment would have been for one-tenth of the principal, with interest upon the nine-tenths of principal remaining unpaid, and so in each succeeding year, for a like amount of principal, with one-tenth less of interest, until the whole debt is discharged.

This would satisfy the equality implied from the terms of the act—an absolute equality in payments of the principal, and as near an approximation to equality in payments of interest as is practicable.

It is further contended that the twentieth section of the

supplement of 1870 justifies the proceeding which has been certified to the Supreme Court, and now here for review. That section provides "that the bonds shall be payable in ten years, with the interest thereon, and that it shall be lawful to raise by taxation, as part of the county tax of the said county of Essex, money to pay said bonds, or any portion thereof, or the interest thereon."

The two sections being contained in the same act, must be so construed, if possible, that both shall stand. There is no necessary conflict between them. The credit of the county having been pledged for the entire debt, principal and interest, it was necessary to give the county the means of discharging its obligations to the bond-holders, and this section simply does that, by authorizing the funds necessary to that end to be raised by taxation, as part of the county tax, without specifying how that tax was to be apportioned between the several subdivisions of the county. The mode of distribution had been already clearly designated in the seventh section, and it cannot be supposed, in the absence of express words to that effect, that any change in the plan of the earlier section was contemplated. It was unnecessary to restate the method of apportionment in the later section, and no words being used to qualify it, section seven must be accorded its full vigor.

It may also be remarked that the construction which will validate the action of the board of assessors with respect to the interest, will justify like action with regard to the prinpal of the bonds, as the twentieth section applies with equal force to both principal and interest.

If the action of the board of assessors is sustained, the provisions of the seventh section are practically disregarded. The several cities, towns, and townships have a right to have the burdens to which they are subject, distributed annually, in accordance with these legislative provisions, and should not be compelled to bear an undue proportion, and left to seek a remedy not only doubtful, but which, if successfully pursued,

would fail to secure them that annual equality in the distribution of the tax which is provided for in the seventh section.

The relators having applied promptly for the correction of the error committed in the interpretation of this law, as applied to the apportionment for the year 1877, are entitled to their strict legal rights, according to its true intent and meaning.

Whether considerations of public policy will permit the apportionment made prior to that date, and enforced without challenge, to be disturbed at this late day, is a different question.

The judgment below should, in my opinion, be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, REED, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN, LILLY, WALES. 13.